AUG 4 2026 PM4:24
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:26-CR-258-MSS-LSG

NATHANIEL FORD JR.

18 U.S.C. § 1951
(Interference with Commerce by Robbery)

18 U.S.C. § 924(c)
(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

18 U.S.C. § 922(g)
(Possession of a Firearm by a Convicted Felon)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Interference with Commerce by Robbery)

On or about December 9, 2025, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Starbucks, located at 10716 Big Bend Road, Riverview, Florida, an entity

that operated in and affected interstate commerce, consisting of United States currency from the person and in the presence of another, that is, an employee of Starbucks, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about December 9, 2025, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, as alleged in Count One above; Count One being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THREE
### (Interference with Commerce by Robbery)

On or about December 11, 2025, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and

2

commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Pizza Hut, located at 712 Cypress Villages Boulevard, Sun City Center, Florida, an entity that operated in and affected interstate commerce, consisting of United States currency from the person and in the presence of another, that is, an employee of Pizza Hut, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOUR
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about December 11, 2025, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, as alleged in Count Three above; Count Three being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

3

## COUNT FIVE
### (Interference with Commerce by Robbery)

On or about January 12, 2026, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Circle K located at 11401 S. US Highway 301, Riverview, Florida, an entity that operated in and affected interstate commerce, consisting of United States currency, from the person and in the presence of another, that is, an employee of Circle K, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT SIX
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about January 12, 2026, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to, a crime of violence for which the defendant may be prosecuted in a Court of the

4

United States, specifically, interference with commerce by robbery, as alleged in Count Five above; Count Five being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT SEVEN
### (Interference with Commerce by Robbery)

On or about March 13, 2026, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Gold Mine Jewelry and Watch Repair, located at 5229 Factory Shops Boulevard, Ellenton, Florida, an entity that operated in and affected interstate commerce, consisting of jewelry, from the person and in the presence of another, that is, an employee of Gold Mine Jewelry & Watch Repair, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT EIGHT
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about March 13, 2026, in the Middle District of Florida, the defendant,

5

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery as alleged in Count Seven above; Count Seven being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

### COUNT NINE
### (Interference with Commerce by Robbery)

On or about June 9, 2026, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Gold Mine Jewelry and Watch Repair, located at 5229 Factory Shops Boulevard, Ellenton, Florida, an entity that operated in and affected interstate commerce, consisting of jewelry, from the person and in the presence of another, that is, an employee of Gold Mine Jewelry & Watch Repair, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

6

## COUNT TEN
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about June 9, 2026, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, as alleged in Count Nine above; Count Nine being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT ELEVEN
### (Interference with Commerce by Robbery)

On or about June 27, 2026, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Banter by Piercing Pagoda, located at 2312 Grand Cypress Drive, Lutz, Florida, an entity that operated in and affected interstate commerce, consisting of jewelry, from the person and in the presence of another, that is, an employee of Banter by Piercing Pagoda, against the employee's will, by means of actual and

threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWELVE
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about June 27, 2026, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, as alleged in Count Eleven above; Count Eleven being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THIRTEEN
### (Interference with Commerce by Robbery)

On or about July 5, 2026, in the Middle District of Florida, and elsewhere, the defendant,

NATHANIEL FORD JR.,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of Kay Jewelers, located at 5323 Factory shops Boulevard, Ellenton,

8

Florida, an entity that operated in and affected interstate commerce, consisting of jewelry, from the person and in the presence of another, that is, an employee of Kay Jewelers, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOURTEEN
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about July 5, 2026, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, in Count Thirteen above; Count Thirteen being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT FIFTEEN
### (Possession of a Firearm by a Convicted Felon)

Between on or about December 9, 2025, and July 9, 2026, in the Middle District of Florida, the defendant,

NATHANIEL FORD JR.,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses:

1.    Possession of Cocaine while Armed, on or about November 15, 1996;

9

2.    Driving While License Revoked- Habitual, on or about April 5, 2004;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm,

that is, a Taurus G2C 9mm caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## FORFEITURE

1.    The allegations contained in Count One through Fifteen are

incorporated by reference for the purpose of alleging forfeiture, pursuant to

provisions of 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. § 1951, the defendant shall

forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28

U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from

proceeds traceable to the violation, and, pursuant to 18 U.S.C. § 924(d) and 28

U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3.    Upon conviction of a violation of 18 U.S.C. §§ 922(g) and/or 924(c),

the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. §

924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in a

knowing violation.

3.    The property to be forfeited includes, but is not limited to, the

following: an order of forfeiture in the amount of the proceeds the defendant

obtained from the offenses, and a Taurus G2C 9mm caliber pistol serial number

AGH340418, which was involved or used in the offenses.

10

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

█████████████████████

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Christian M. Adkins
Assistant United States Attorney

By: _____
Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crime and Racketeering Section

11

Case 8:26-cr-00258-MSS-LSG    Document 19    Filed 08/04/26    Page 12 of 12 PageID 31

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## NATHANIEL FORD JR.

### INDICTMENT

Violations: 18 U.S.C. § 1951, 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)

A true bill,

████████████████████

Foreperson

Filed in open court this <u>4th</u> day

of August 2026.

_C. Reaves_____

Clerk

Bail $_____